IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUBERT BABB,
Inmate No. 217290,
    Plaintiff,

vs.                                                      Case No.: 3:16cv620/RV/EMT

CLARA SMITH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109

S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal is warranted.

Named as Defendants are assistant state attorneys, defense attorneys, and psychologists, all of whom were involved in 1999 in a criminal prosecution against Defendant which resulted in his conviction and life sentence.  Plaintiff complains of various errors and acts of discrimination during his trial, namely, that he was arrested under a false police report, that he was denied effective assistance of counsel, that his speedy trial rights were violated, that certain depositions of witnesses were not

allowed or admitted, that he was not provided a fair and impartial jury, that perjured testimony was used against him, that defense witnesses were prevented from testifying, and that his counsel lied to him (ECF No. 1 at 27–29). As relief, Plaintiff seeks declaratory relief ruling that the above errors, which were somehow borne of socioeconomic discrimination against him, were a determinative factor in his conviction; he also seeks punitive damages.

## DISCUSSION

Although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Additionally, the type of damages Plaintiff seeks strikes at the very heart of what Heck was intended to avoid: the use of civil rights or other such civil actions to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief. Heck therefore bars this complaint.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Case No. 3:16cv620/RV/EMT

At Pensacola, Florida, this 16th day of October 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**